**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CRMSUITE Corporation,
a Florida corporation, Case No.:

Plaintiff,

vs.

VANTIV ISO, INC., a Nebraska Corporation;
FATTMERCHANT, INC., Delaware Corporation;

Defendants,
_____________________________/

**COMPLAINT**

Plaintiff, CRMSUITE Corporation, a Florida corporation ("Plaintiff"), through its undersigned counsel, sues Defendants, VANTIV ISO, INC., a Nebraska Corporation and FATTMERCHANT, INC., a Delaware Corporation (herein Collectively "Defendants"), and states as follows:

**JURISDICATION AND VENUE**

1. Pursuant to 28 U.S.C. §1391, venue is proper in this judicial district because the transactions occurred in Florida and the Defendant transacts business within the state of Florida.
2. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332 because: (a) the amount in controversy exceeds $75,000.00, exclusive of interest, costs, and attorney's fees, and (b) there is complete diversity of citizenship between the Plaintiff and Defendant.

## PARTIES

PLAINTIFF

3. CRMSUITE is a Florida corporation with its principal place of business in Florida and is authorized to transact business in the state of Florida.

DEFENDANTS

4. Upon information and belief, Fattmerchant, Inc. is Delaware Corporation with its principle office located in Orlando, Florida. The Defendant is in the payment processing provider business and transacts or has transacted business in this district and throughout the United States.

5. Upon information and belief, Vantiv ISO, Inc., is a Nebraska Corporation with its principle office located in, Cincinnati, Ohio. The Defendant is a in the payment processing provider business and transacts or has transacted business in this district and throughout the United States.

## GENERAL ALLEGATIONS

6. This action involves a massive fraud scheme by the Defendants to obtain and keep funds that belong to Plaintiff and its customers. At all times material to this Complaint, Defendants have maintained a substantial course of trade in or affecting commerce.

7. Defendant, Fattmerchant, Inc. (hereafter "Fattmerchant") is in the business of a payment processing provider with alleged "transparent pricing and innovative technology" *MarketWired, Fattmerchant Expands Services to Accommodate Businesses of All Sizes and Transaction Volumes (April 18, 2017).*

8. Upon information and belief, Vantiv ISO, Inc. (hereafter "Vantiv") is in the business of a payment processing provider. Defendants seek out consumers to sell its merchant accounts and act as the payment processing provider.

9. On or about October 1, 2017, Plaintiff applied with Defendants for a merchant account.

10. On or about October 2, 2017, Defendant requested additional information regarding profit and loss statements.

11. Upon information and belief, at that time Defendant Fattmerchant knowingly and intentionally falsely led Plaintiff to believe that the information that Plaintiff provided had been given to an underwriter for review and approval.

12. On or about October 3, 2017, Kellan Rudnicki, an agent and/or employee of Fattmerchant informed Plaintiff that the application had in fact not been submitted and demanded additional information.

13. On October 4, 2017, Kellan Rudnicki an agent and/or employee of Fattmerchant sent an email to Plaintiff with the subject line stating "underwriting requirements" stated that since Plaintiff had a high volume there was a need for two approvals and some submitted that afternoon and therefore should have a decision by tomorrow (October 5, 2017) afternoon.

14. On October 5, 2017, Kellan Rudnicki an agent and/or employee of Fattmerchant contacted Plaintiff stating that they knew that Plaintiff was applying to other processors and that underwriting wanted a letter stating that Defendants would be the exclusive processor for the Defendant and once Defendants had the letter that Plaintiff was approved.

15. October 5, 2017, Plaintiff informed Defendant, Fattmerchant that time was of the essence and if the approval was not finalized by end of the day that Plaintiff would use another processor.

16. At 6:29 pm, Defendant, Fattmerchant informed Plaintiff, "We got the approval on the account its being built now, it won't be online until the start of a new business day due to the bank network. You will be processing with us tomorrow." See Exhibit "A".

17. Plaintiff informed its clients to make payments through Defendants which were processed in amounts exceeding $400,000.00.

18. On October 23, 2017, Marni Shearin an agent and/or employee of Fattmerchant emailed Plaintiff notifying Plaintiff that there has been a "temporary risk hold" on Plaintiff's account and there would be a need to perform a "full audit".

19. On or about October 26, 2017, Marni Shearin an agent and/or employee of Fattmerchant informed Plaintiff that "You do have the option to refund all your payments to process them on another processor, you will have 29 days to complete this. The processor will offset the funds so that nothing is deducted from the account". See Exhibit "B".

20. During this time, unbeknownst to Plaintiff, on or about October 25, 2017, Defendant, Vantiv had sent Plaintiff a letter stating Vantiv had terminated the merchant account and that to prevent undue hardship would allow continue to accept card transactions for the next thirty (30) days but the funds would be placed on hold and not transmitted to Plaintiff's bank account for "a minimum of one hundred eight days (180)". See Exhibit "C". This specifically indicates that any funds prior to that date

would be disbursed and only "funds" received after that date for a period of thirty (30) days would be held.

21. $307,656.89 of the charges were made prior to October 25, 2017 the date of the termination letter. See Exhibit "D", Fattmerchant merchant statement. Although, Defendant Fattmerchant promised Plaintiff there would be no processing fees if the transactions were refunded by Plaintiff the statement indicates that Plaintiff owes Defendant, Fattmerchant over $14,000 for processing fees. See Exhibit "D".

22. On October 26, 2017, the transactions totaled $190,679.72 prior to receiving the letter from Defendant, Vantiv dated for October 25, 2017.

23. Given the fact that the transactions were to be refunded, based on Exhibit "E". There is no basis for the hold of the funds prior to October 25, 2017 since the letter states only funds processed after the date of the letter would be held for a minimum of 180 days.

24. Fattmerchant has recorded the transactions as "refunded" See Exhibit "E".

25. Upon information and belief it is Defendants fraudulent scheme to induce merchants to contract for fund processing funds based upon the representation that once the merchant account had been reviewed and approved by virtue of their underwriting requirements that the merchants transactions would be processed without undue delay or interference and that the cost for their services would be the lowest possible for the merchant, when in fact they knew that once the merchant commenced utilizing their services that the contract would either be cancelled thereby enabling Defendant's to wrongfully and illegally utilizing the Plaintiffs' as well as other merchants similarly situated, funds for at least 6 months without even having to pay interest or that the

merchant would be forced to establish an alleged escrow account to allegedly secure the transactions resulting in the same wrongful and illegal utilization of the merchants funds without compensation.

26. The damage to the Plaintiff's business is substantial due to Defendants actions.

27. Plaintiff has been damaged by not receiving the funds due and owing for services rendered by Plaintiff to its clients.

28. Plaintiffs' business relationships with clients and reputation have been damaged.

29. Plaintiff has lost clients and the revenues generated thereby due to Defendants wrongful conduct.

30. Defendants knowingly and with the intent to deceive falsely represented that they are entitled the funds pursuant to the contract.

31. Defendants knowingly and with the intent to deceive represented that the funds had been refunded when at all times set forth herein Defendants knew they were in possession and control of the funds.

32. The funds are specific in nature and the Defendants are intentionally and wrongfully converting and using funds that do not belong to the Defendants in violation of Federal and State Laws.

33. The Defendants actions are and continue to be deceptive in nature and intent.

34. The Defendants were aware and had time to perform due diligence related to their "risk assessment" prior to approving the application.

35. However, as part of their scheme waited until after multiple transactions were performed to advise Plaintiff that the alleged "risk assessment" was too high and that they were cancelling the contract.

36. Instead of Defendants simply cancelling the transactions or reversing the transactions on their end. Defendant, Fattmerchant directed Plaintiff as part of the deception to “refund” the transactions and then listed the transactions on a printout they had been “refunded” when they were never “refunded”. See Exhibit “E”.

37. The Defendants are continuing to wrongfully hold and utilize approximately $500,000.00 in funds.

**COUNT I- FEDERAL DECEPTIVE AND UNFAIR TRADE PRACTICES ACT PURUSANT TO 15 USC 45**

38. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in Paragraph 1 through 37 of the Complaint.

39. Defendants, Vantiv ISO, Inc. and Fattmerchant, Inc. actions as detailed herein have caused or is likely to cause substantial injury to Plaintiff, a consumer as defined under 15 USC §45.

40. The actions and damages sustained by Plaintiff could not be reasonably avoided by Plaintiff the consumer as defined pursuant to 15 USC §45.

41. Defendants’ actions and practices are unfair and not outweighed by countervailing benefits to consumers.

42. Defendants’ material representations, material omissions and practice materially mislead Plaintiff, the consumer as detailed in the paragraphs above and herein.

43. Plaintiff’s interpretation of the representation(s), omission(s) or practice(s) is considerably reasonable based on the circumstances including but not limited to the hereto attached Exhibit “A”.

44. Defendants' acts and practices are in violation of not only federal law but also public policy.

45. Defendants actions and practices have damaged Plaintiff's business reputation, client relationships, and damaged Plaintiff by the Defendants failure to refund the transactions as stated by Defendants.

46. Plaintiff has sustained damages in an undetermined amount which is in excess of $150,000.00 dollars exclusive of attorney's fees, costs, and interest.

**COUNT I-DECEPTIVE AND UNFAIR TRADE PRACTICES ACT PURSUANT FLA. STAT §501.204(1)**

47. Plaintiff incorporates by reference as if set forth herein the allegations contained in Paragraph 1 through 37 of the Complaint.

48. Florida Statute section 501.204(1) ("FDUTPA") prohibits "[u]nfair methods of competition, unconscionable acts or practices, and unfair and deceptive acts or practices in the conduct of any trade or commerce" Fla. St. §501.204(1). The provisions of FDUTPA are to be liberally construed to protect the consuming public and legitimate business enterprise from those who engage in unfair methods of competition, or unconscionable, deceptive or unfair acts and practices in the conduct of any trade or commerce. Fla. Stat. §501.202(2).

49. Violations of any law, statute, rule, or regulation which proscribes unfair methods of competition, or unfair, deceptive or unconscionable acts or practices constitute violations of FDUTPA. Fla. Stat. §501.203(3)( c).

50. An act is unfair under FDUTPA when it offends established public policy and is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.

501 A deceptive act or practice under FDUTPA is a representation, omission, or other act or practice likely to mislead a consumer acting reasonably under the circumstances to the consumer's detriment.

52. The Defendants have violated FDUTPA by engaging in the unfair and deceptive acts and practices described in the above paragraphs and continue to damage the Plaintiff and the Public for his unfair and deceptive acts and practices.

53. Plaintiff has sustained damages in an undetermined amount which is in excess of $150,000.00 dollars exclusive of attorney's fees, costs, and interest.

**COUNT III-TORTIOUS INTERFERENCE WITH A CONTRACT**

54. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in Paragraph 1 through 37 of the Complaint.

55. Defendants, knowingly, willingly and with the intent to harm and damage Plaintiff's business terminated the merchant account after demanding a letter for an exclusive right to all of Plaintiff's merchant account transactions.

56. At all times set forth herein Defendants had knowledge of the existence of the advantageous business relationships, customer contracts, under which Plaintiff has a legal right.

57. Defendant intentionally and unjustifiably interfered with Plaintiff's relationship with Plaintiff's clients by failing to return funds that rightfully belong to Plaintiff or by immediately returning funds to Plaintiff's clients as promised which had been processed by Defendants.

58. Plaintiff has sustained damages in an undetermined amount which is in excess of $150,000.00 dollars exclusive of attorney's fees, costs, and interest.

**COUNT III-FRAUD IN THE INDUCEMENT**

59. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in Paragraph 1 through 37 of the Complaint.

60. The Plaintiff relied to its detriment on the false statements that Defendants provided it concerning a merchant account to process financial transactions for Plaintiff.

61. Defendants materially mispresented that Plaintiff was approved for processing of financial transactions and Plaintiff to it detriment advised its client's to process payments with Defendants.

62. The Defendants knew that the account/contract had not been approved but feared that Plaintiff would use another processor and falsely stated that it had been approved.

63. Defendants intended to induce Plaintiff's reliance due their fear that Plaintiff would utilize another processing company and under information and belief to wrongfully and illegally convert and utilize Plaintiff funds for over 6 months. It was the intent of the Defendants not to actually process Plaintiffs' transactions but to obtain information including but not limited to the volume of Plaintiffs' business in order to convert Plaintiffs' funds for their own use.

64. By virtue of Defendants fraud in the inducement of the contract it is void on its face.

65. Plaintiff has been damaged due to the Defendants failure to return the funds to Plaintiff's clients, Plaintiff has not been paid for services rendered and Plaintiffs business relationships with its clients and reputation have been damaged by Defendants wrongful actions.

66. Plaintiff has sustained damages in an undetermined amount which is in excess of $150,000.00 dollars exclusive of attorney's fees, costs, and interest.

**TRIAL BY JURY**

Plaintiff is entitled to and hereby respectfully demands a trial by jury.

**WHEREFORE,** Plaintiff respectfully request damages in excess of One Hundred Fifty Thousand Dollars ($150,000.00) with an order of attorneys' fees, costs, and intrest in favor of Plaintiff along with such other and further relief that this Court may deem just and proper.

Dated: 16th day of November, 2017

**ROSENBERG LAW, P.A.**
2385 NW Executive Center Dr., Suite 100
Boca Raton, FL 33431
(561) 260-9100

**s/Bruce S. Rosenberg**
Bruce S. Rosenberg, Esq.
Fla. Bar No.: 994782
service@rosenberglawpa.com



On Thu, Oct 5, 2017 at 6:29 PM <kellan@fattmerchant.com> wrote:

Hey Richard,

We got the approval on the account it's being built now, it won't be online until the start of a new business day due to the bank network.

You will be processing with us tomorrow.

No disrespect was ever taken as I understand how crucial this is to your business, and I thank you for your patience in the matter.

Look forward to getting you up and running asap tomorrow.

Sent from my iPhone



Exhibit "A"

[redacted]

Marni Shearin (Fattmerchant)

Oct 26, 15:09 -05

Hello Richard,

I spoke with the risk team and management and currently at this time the processor has requested that you seek another processor. They've deemed the account to be too high risk- I apologize for any inconvenience that this has caused and understand this can be very frustrating. The processor ultimately is the one who makes these decisions not anyone at Fattmerchant. You do have the option to refund all your payments to process them on another processor, you will have 29 days to complete this. The processor will offset the funds so that nothing is deducted from the account.

If you have any additional questions or concerns, please feel free to reach out.

Again, I apologize for any inconvenience that this has caused.

Best,

-Marni

Marni Shearin
Fattmerchant

Status of your conversations [Oct 26, 15:09 -05]:
https://fattmerchant.zendesk.com/hc/en-us/requests

--

[redacted]

Exhibit "B"

SUITE 200

npc.
A Vantiv Company

001509
0101

12 32797 * T1L15TUN2000110

Date: October 25, 2017
RE: Merchant Account Number: [REDACTED]59

Dear Mr./Ms. [REDACTED]

Please be advised that your bankcard processing relationship has been terminated and the above referenced merchant account(s) will be closed. This action has been taken in accordance with the terms and conditions of the merchant agreement that you entered into with our Company.

In order to prevent undue hardship to your business and to allow you sufficient time to locate another processor, we will allow you to continue accepting credit card transactions with our Company for the next thirty (30) days. However, any funds received for transactions will be placed on hold and will not be transmitted to your local depository bank account. Instead, any such funds will be retained for a minimum of one hundred eighty days (180) and may be offset by chargebacks and uncollected fees.

If you feel that this action was based upon incorrect information, please contact our Risk Management Department at 1-866-718-7896.

Cordially,

Risk Management
National Processing Company

140014

Exhibit "C"



fattmerchant

MERCHANT STATEMENT
PAGE 1 OF 4
STATEMENT FOR
OCTOBER 31, 2017

FATTMERCHANT
866-660-3288 EXT 203
100 S ORANGE AVE SUITE 400
ORLANDO, FL 32801

8975 0100 OO RP 31 11062017 NNNNNN 01 118505 0303

CODE:
PRINCIPAL: 001
ASSOCIATE: 474
CHAIN: 747
MERCHANT NBR: 59
DBA NAME: 

## ACTIVITY SUMMARY

| TYPE | SALES | SALES TRANS | CREDITS | CREDIT TRANS | NET AMOUNT | TOTAL TRANS |
|---|---|---|---|---|---|---|
| VISA | 64,824.00 | 36 | 0.00 | 0 | 64,824.00 | 36 |
| MASTERCARD | 72,174.01 | 41 | 500.00 | 1 | 71,674.01 | 42 |
| AMEREXPRSS | 359,938.63 | 92 | 1,600.00 | 1 | 358,338.63 | 93 |

GROSS SALES VOLUME

CURRENT MONTH SALES

## DEPOSIT DETAIL

| PROCESS DATE | NBR TRANS | BATCH AMOUNT | 3RD PARTY BATCH AMT | ADJUSTMENT | CHARGEBACK | NET AMOUNT |
|---|---|---|---|---|---|---|
| 10/07 | 19 | 72,792.00 | 0.00 | 0.00 | 0.00 | 72,792.00 |
| 10/10 | 23 | 50,687.29 | 0.00 | 0.00 | 0.00 | 50,687.29 |
| 10/11 | 20 | 64,405.65 | 0.00 | 0.00 | 0.00 | 64,405.65 |
| 10/17 | 20 | 53,022.20 | 0.00 | 0.00 | 0.00 | 53,022.20 |
| 10/19 | 0 | 0.00 | 0.00 | -32,375.75 | 0.00 | -32,375.75 |
| 10/19 | 5 | 32,375.75 | 0.00 | 0.00 | 0.00 | 32,375.75 |
| 10/21 | 3 | 21,350.00 | 0.00 | 0.00 | 0.00 | 21,350.00 |
| 10/21 | 0 | 0.00 | 0.00 | -21,350.00 | 0.00 | -21,350.00 |
| 10/22 | 0 | 0.00 | 0.00 | -5,525.00 | 0.00 | -5,525.00 |
| 10/22 | 6 | 5,525.00 | 0.00 | 0.00 | 0.00 | 5,525.00 |
| 10/24 | 3 | 4,499.00 | 0.00 | 0.00 | 0.00 | 4,499.00 |
| 10/24 | 0 | 0.00 | 0.00 | -4,499.00 | 0.00 | -4,499.00 |
| 10/25 | 1 | 500.00 | 0.00 | -500.00 | 0.00 | 0.00 |
| 10/25 | 1 | -500.00 | 0.00 | 0.00 | 0.00 | -500.00 |
| 10/26 | 71 | 190,679.75 | 0.00 | 0.00 | 0.00 | 190,679.75 |

Exhibit "D"

8975 0100 OO RP 31 11082017 NNNNNN 01 118505 0303

MERCHANT NBR: [redacted]59
DBA: [redacted]

OTHER DETAIL (continued)

| TYPE | DESCRIPTION | NUMBER | OTHER FEE |
|---|---|---|---|
| MISC | MC NABU FEE | 46 | 0.90 |
| MISC | MC FILE TRANSMISSION FEE - 6957 | 41 | 0.06 |
| MISC | MC-AVS - CARD NOT PRESENT | 44 | 0.44 |
| MISC | BATCH SETTLE FEE - 6995 | 10 | 0.00 |
| MISC | VISA MISUSE FEE | 1 | 0.09 |
| MISC | INCOMING CHARGEBACKS - 6960 | 1 | 15.00 |
| MISC | PAPER STATEMENT FEE | 1 | 0.00 |
| MISC | ON FILE FEE | 1 | 0.00 |
| OTHER TOTAL | | | 37.75 |

SUMMARY

| | AMOUNT |
|---|---|
| PROCESSING | 14,447.34 |
| AUTHORIZATION | 28.50 |
| OTHER | 37.75 |
| TOTAL PROCESSING SERVICE FEES OF HAVE BEEN DEDUCTED FROM YOUR ACCOUNT FOR THE REPORTING PERIOD. | 14,513.59 |

ADDITIONAL INFORMATION



| Type | Status | ID | Date | |
|---|---|---|---|---|
| ✓ CARD | REFUNDED | 25065 | 10/10/17 at 10:40 AM | R |
| ✓ CARD | REFUNDED | 25064 | 10/10/17 at 10:36 AM | R |
| ✓ CARD | REFUNDED | 25063 | 10/10/17 at 10:23 AM | R |
| ✓ CARD | REFUNDED | 25062 | 10/10/17 at 10:08 AM | R |
| ✓ CARD | REFUNDED | 25061 | 10/10/17 at 9:50 AM | R |
| ✓ CARD | REFUNDED | 25060 | 10/10/17 at 9:42 AM | R |
| ✓ CARD | REFUNDED | 25059 | 10/10/17 at 9:38 AM | R |
| ✓ CARD | REFUNDED | 25058 | 10/10/17 at 9:29 AM | R |
| ✓ CARD | REFUNDED | 25057 | 10/09/17 at 6:06 PM | R |
| ✓ CARD | REFUNDED | 25056 | 10/09/17 at 5:55 PM | R |
| ✓ CARD | REFUNDED | 25055 | 10/09/17 at 5:39 PM | R |
| ✓ CARD | REFUNDED | 25054 | 10/09/17 at 5:26 PM | R |
| ✓ CARD | REFUNDED | 25053 | 10/09/17 at 5:20 PM | R |
| ✓ CARD | REFUNDED | 25052 | 10/09/17 at 2:49 PM | R |
| ✓ CARD | REFUNDED | 25051 | 10/09/17 at 2:46 PM | R |
| ✓ CARD | REFUNDED | 25050 | 10/09/17 at 2:36 PM | R |
| ✓ CARD | REFUNDED | 25049 | 10/09/17 at 2:28 PM | R |
| ✓ CARD | REFUNDED | 25048 | 10/09/17 at 2:20 PM | R |
| ✓ CARD | REFUNDED | 25047 | 10/09/17 at 2:17 PM | R |

191 results - Page 3 of 4 PREV NEXT

Exhibit "E"

chant
New Payment
Payments
KEYWORD
Search for payments...
SUCCESS
All
METHOD
All
TYPE
All
USER
All
SORT
Date
ORDE
DATE
10/08/2017 → End Date
CARD
REFUNDED
25046
10/09/17 at 2:12 PM
CARD
REFUNDED
25045
10/09/17 at 2:03 PM
CARD
REFUNDED
25044
10/09/17 at 2:00 PM
CARD
REFUNDED
25043
10/09/17 at 1:56 PM
CARD
25042
10/09/17 at 1:46 PM
CARD
25041
10/09/17 at 1:42 PM
CARD
25040
10/09/17 at 1:40 PM
CARD
REFUNDED
25039
10/09/17 at 1:36 PM
CARD
REFUNDED
25038
10/09/17 at 1:22 PM
CARD
REFUNDED
25037
10/09/17 at 1:18 PM
CARD
25036
10/09/17 at 1:15 PM
CARD
25035
10/09/17 at 1:07 PM
CARD
25034
10/09/17 at 1:01 PM
CARD
REFUNDED
25033
10/09/17 at 10:44 AM
CARD
REFUNDED
25032
10/09/17 at 10:38 AM
CARD
REFUNDED
25031
10/09/17 at 10:29 AM



chant | New Payment

| Type | Status | ID | Date | |
|---|---|---|---|---|
| ✓ CARD | REFUNDED | 25080 | 10/10/17 at 11:52 AM | R |
| ✓ CARD | REFUNDED | 25079 | 10/10/17 at 11:49 AM | R |
| ✓ CARD | REFUNDED | 25078 | 10/10/17 at 11:48 AM | R |
| ✓ CARD | REFUNDED | 25077 | 10/10/17 at 11:41 AM | R |
| ✓ CARD | REFUNDED | 25076 | 10/10/17 at 11:36 AM | R |
| ✓ CARD | REFUNDED | 25075 | 10/10/17 at 11:33 AM | R |
| ✓ CARD | REFUNDED | 25074 | 10/10/17 at 11:30 AM | R |
| ✓ CARD | REFUNDED | 25073 | 10/10/17 at 11:29 AM | R |
| ✓ CARD | REFUNDED | 25072 | 10/10/17 at 11:24 AM | R |
| ✓ CARD | REFUNDED | 25071 | 10/10/17 at 11:15 AM | R |
| (!) CARD | | 25070 | 10/10/17 at 11:11 AM | R |
| (!) CARD | | 25069 | 10/10/17 at 10:56 AM | R |
| (!) CARD | | 25068 | 10/10/17 at 10:55 AM | R |
| ✓ CARD | REFUNDED | 25067 | 10/10/17 at 10:54 AM | R |
| ✓ CARD | REFUNDED | 25066 | 10/10/17 at 10:47 AM | R |
| ✓ CARD | REFUNDED | 25065 | 10/10/17 at 10:40 AM | R |
| ✓ CARD | REFUNDED | 25064 | 10/10/17 at 10:36 AM | R |
| ✓ CARD | REFUNDED | 25063 | 10/10/17 at 10:23 AM | R |
| ✓ CARD | REFUNDED | 25062 | 10/10/17 at 10:08 AM | R |
| ✓ CARD | REFUNDED | 25061 | 10/10/17 at 9:50 AM | R |



chant New Payment

| Type | Status | ID | Date | |
|---|---|---|---|---|
| CARD | | 25034 | 10/09/17 at 1:01 PM | R |
| CARD | REFUNDED | 25033 | 10/09/17 at 10:44 AM | R |
| CARD | REFUNDED | 25032 | 10/09/17 at 10:38 AM | R |
| CARD | REFUNDED | 25031 | 10/09/17 at 10:29 AM | R |
| CARD | REFUNDED | 25030 | 10/09/17 at 10:12 AM | R |
| CARD | REFUNDED | 25029 | 10/09/17 at 10:00 AM | R |
| CARD | REFUNDED | 25027 | 10/08/17 at 6:57 PM | R |
| CARD | REFUNDED | 25026 | 10/06/17 at 6:50 PM | R |
| CARD | REFUNDED | 25025 | 10/06/17 at 6:46 PM | R |
| CARD | REFUNDED | 25024 | 10/06/17 at 6:41 PM | R |
| CARD | REFUNDED | 25023 | 10/06/17 at 6:34 PM | R |
| CARD | REFUNDED | 25021 | 10/06/17 at 6:30 PM | R |
| CARD | REFUNDED | 25020 | 10/06/17 at 6:25 PM | R |
| CARD | REFUNDED | 25019 | 10/06/17 at 6:18 PM | R |
| CARD | REFUNDED | 25018 | 10/06/17 at 6:10 PM | R |
| CARD | REFUNDED | 25017 | 10/06/17 at 6:08 PM | R |
| CARD | REFUNDED | 25016 | 10/06/17 at 6:04 PM | R |
| CARD | REFUNDED | 25015 | 10/06/17 at 5:58 PM | R |
| CARD | REFUNDED | 25014 | 10/06/17 at 5:50 PM | R |
| CARD | REFUNDED | 25013 | 10/06/17 at 5:44 PM | R |

chant
New Payment
Payments
KEYWORD
Search for payments...
SUCCESS
All
METHOD
All
TYPE
All
USER
All
SORT
Date
DATE
10/08/2017
End Date
CARD
REFUNDED
25286
10/25/17 at 9:29 AM
R
25285
10/25/17 at 9:29 AM
25284
10/25/17 at 9:28 AM
25283
10/25/17 at 9:27 AM
25282
10/25/17 at 9:27 AM
25281
10/25/17 at 9:27 AM
25280
10/25/17 at 9:26 AM
25279
10/25/17 at 9:26 AM
25278
10/25/17 at 9:26 AM
25277
10/25/17 at 9:26 AM
25276
10/25/17 at 9:25 AM
25275
10/25/17 at 9:25 AM
25274
10/25/17 at 9:24 AM
25273
10/25/17 at 9:24 AM
25272
10/25/17 at 9:24 AM
25271
10/25/17 at 9:23 AM



chant
New Payment
Payments
KEYWORD
Search for payments...
SUCCESS
All
METHOD
All
TYPE
All
USER
All
SORT
Date
ORDE
DATE
10/08/2017
End Date
CARD
REFUNDED
25097
10/16/17 at 12:44 PM
R
25096
10/16/17 at 12:38 PM
25095
10/16/17 at 12:36 PM
25094
10/16/17 at 12:36 PM
25093
10/16/17 at 12:25 PM
25092
10/16/17 at 12:20 PM
25091
10/16/17 at 12:15 PM
25090
10/16/17 at 12:05 PM
25089
10/16/17 at 11:34 AM
25088
10/16/17 at 11:30 AM
25087
10/16/17 at 11:25 AM
25086
10/16/17 at 11:23 AM
25085
10/16/17 at 11:19 AM
25084
10/16/17 at 11:12 AM
25082
10/16/17 at 11:10 AM
25081
10/16/17 at 11:06 AM





chant New Payment

| Type | Status | No. | Date | |
|---|---|---|---|---|
| CARD | | | 10/21/17 at 10:15 AM | |
| ✓ CARD | REFUNDED | 25121 | 10/21/17 at 9:56 AM | R |
| ✓ CARD | REFUNDED | 25117 | 10/20/17 at 9:54 AM | R |
| ✓ CARD | REFUNDED | 25116 | 10/20/17 at 9:34 AM | R |
| ✓ CARD | REFUNDED | 25115 | 10/20/17 at 9:15 AM | R |
| ✓ CARD | REFUNDED | 25114 | 10/18/17 at 11:23 AM | R |
| ✓ CARD | REFUNDED | 25113 | 10/18/17 at 11:09 AM | R |
| ✓ CARD | REFUNDED | 25112 | 10/18/17 at 10:54 AM | R |
| ✓ CARD | REFUNDED | 25111 | 10/18/17 at 10:38 AM | R |
| ✓ CARD | REFUNDED | 25110 | 10/18/17 at 10:25 AM | R |
| ✓ CARD | REFUNDED | 25109 | 10/16/17 at 5:04 PM | R |
| ✓ CARD | REFUNDED | 25107 | 10/16/17 at 3:55 PM | R |
| ✓ CARD | REFUNDED | 25106 | 10/16/17 at 3:48 PM | R |
| ✓ CARD | REFUNDED | 25105 | 10/16/17 at 3:39 PM | R |
| ✓ CARD | REFUNDED | 25104 | 10/16/17 at 3:06 PM | R |
| ✓ CARD | REFUNDED | 25103 | 10/16/17 at 3:02 PM | R |
| ✓ CARD | REFUNDED | 25102 | 10/16/17 at 2:58 PM | R |
| ✓ CARD | REFUNDED | 25101 | 10/16/17 at 2:29 PM | R |
| ✓ CARD | REFUNDED | 25100 | 10/16/17 at 2:27 PM | R |

191 results - Page 2 of 4 PREV NEXT